GEORGIA TOWNSEND *v.* BETHLEHEM-FAIRFIELD SHIPYARD, INC., ET AL.

[No. 115, October Term, 1945.]

*Decided May 14, 1946.*

*Motion for Reargument denied, June 18, 1946.*

The cause was argued before MARBURY, C. J. DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Paul Berman,* with whom were *Sigmund Levin* and *Theodore B. Berman* on the brief, for the appellant.

*Robert E. Coughlan, Jr.,* for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

Georgia Townsend, appellant here, was employed by Bethlehem-Fairfield Shipyard, Inc., one of appellees, as a ship fitter. On July 12, 1944, she sustained accidental injuries arising out of and in the course of her employment. She was awarded compensation for temporary total disability for about three months, and on December 4, 1944, the State Industrial Accident Commission, as a result of a hearing, found that her temporary total disability had terminated and that she had sustained permanent partial disability. This permanent partial disability was an impairment of the functions of her left kidney, resulting from the accident.

Flack's 1943 Supplement Annotated Code, Article 101, Sec. 48, Subsec. (3), provides for compensation in cases of disability partial in character but permanent in quality. This was the statute in force at the time of the accident. It has since been amended by the Act of 1945, Chap. 336. The statute, both before and after this amendment, provides that compensation in cases of permanent partial disability shall be 66⅔ per cent. of the average weekly wages. The maximum weekly compensation was $18 a week, (increased to $20) and the minimum $8 a week, (increased to $10) and the aggregate was $3,816 (increased to $4,240). Then follow a list of specific injuries for each of which the statute fixes the number of weeks for which compensation shall be allowed. Loss or loss of use of kidney is not among the injuries specifically listed. Following the list is another clause headed "Other Cases," which reads as follows: "In all other

cases in this class of disability the compensation shall be fifty per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment, or otherwise, if less than before the accident (but not to exceed eighteen dollars per week), payable during the continuance of such partial disability, but not to. exceed three thousand dollars, and, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest." The 1945 amendment changes this last section by making the maximum $20 a week and making the total compensation payable $5,000 instead of $3,000. The amendments made by the Act of 1945 are not applicable to the case before us, and do not affect, in any way, the question of construction raised by the appellant here. The changes made are in amounts only.

The Commission allowed the appellant the sum of $2,000 for her permanent partial disability under the "Other Cases" section, and stated in the order that she had no other permanent partial disability. She was given compensation at the rate of $18 per week for a period of 111⅑ weeks. On appeal to the Baltimore City Court, the case was heard before Chief Judge Smith without a jury. Two issues were presented by appellant, the first being whether she was entitled to receive compensation for more than 111⅑ weeks under the "Other Cases" section, and the second, depending on the answer to the first issue being in the affirmative, was how many weeks she would be entitled to under the same section. The point attempted to be made by these issues and raised by the appellant in two prayers offered by her, is that under the "Other Cases" section the Commission had no power to limit compensation to $2,000, but that such compensation should continue during permanent partial disability until the claimant had received $3,000, the limit fixed in the statute, or until the payment of compensation had been ended by a reconsideration by the Commission. The trial judge followed the decisions of this court,

approving the practice of the Commission in allowing less than $3,000 in cases coming under the "Other Cases" section, and affirmed the award of the Commission. From his decision and judgment for the employer and insurer for costs, the appeal comes here by the claimant.

There was no dispute as to the facts about the accident and no dispute about the permanency of the partial disability, although the doctors did differ somewhat as to its effect on the wage-earning capacity of the appellant. The case, as heard under Trial Rule 9, Rules of Practice and Procedure, is conducted as an equity case, and the Judge gives his reasons in his opinion and enters his judgment. *Maryland Casualty Company v. Wolff,* 180 Md. 513, at page 519, 25 A. 2d 665; *Clauss v. Board of Education,* 181 Md. 513, at page 525, 30 A. 2d 779, *Bank v. Charles Meyers Co.,* 182 Md. 556, at page 560, 35 A. 2d 110. It is not necessary under the Workmen's Compensation Act to have issues in such a case, even if facts are required to be decided, (which is not the case here) although in some jurisdictions the rules of court require issues, and it is generally a good practice. *Liberty Mutual Insurance Co. v. United States Fidelity & Guaranty Co.,* 164 Md. 117, at page 121, 164 A. 179. Prayers are not necessary, and, if offered, only have the effect of calling the courts' attention to specific questions of law and the court is not obliged to rule upon them. *Harford Metal Products Corporation v. Tidewater Express Co. Lines,* 183 Md. 105, 36 A. 2d 677.

The construction of "Other Cases" clause of Sec. 48 of Article 101, is not one of first impression here. This the appellant readily admits. But she asks us to re-examine and review what she contends is an erroneous construction heretofore adopted, to overrule the previous decisions of this Court, and to construe the clause by giving effect to what she claims are the clear and unambiguous words of the statute. She states that the point was not argued in the previous cases, and the attention of the Court was not directed to the consequences of its findings.

The "Other Cases" clause was in the original Act of 1914, Chap. 800, Sec. 35. At that time the limit of the weekly payment was $12 but the total limit of compensation was $3,000, as it remained until the passage of Ch. 336, Act of 1945. The weekly limit was increased to $18 by the Act of 1920, Chap. 456. The clause remained as amended by the Act of 1920 until it was changed by the Act of 1945. It was first considered by this Court in 1928 in the case of *Coca-Cola Bottling Works v. Lilly*, 154 Md. 239, 140 A. 215, 218. In that case the injured man was allowed compensation for temporary total disability and later for permanent partial disability resulting from an injury which was not one of those specifically mentioned. The Commission allowed him compensation for the latter disability for 50 weeks at the rate of $16.67 a week. The contention was whether the Commission could award compensation for permanent partial disability for injuries other than those specifically mentioned. The Court, speaking through Judge Pattison, said "The commission is given authority by the statute to award compensation for temporary total disability, and, in addition thereto, permanent partial disability, and it has, we think, as incident to such authority, the power to determine how such compensation shall be paid, without any further specific authority. The effect of this provision of the statute is not, we think, to deprive the commission of that authority or power where the injury or loss is not one of those specfically named, but to require the commission, in cases where the specifically named injuries and losses are involved, to pay the compensation in the manner there stated." In the same year a case came here from the Baltimore City Court where a man had been awarded compensation for permanent partial disability resulting from loss of hearing of his right ear, caused by an accident. After he had received the full scheduled compensation allowed by statute for this specfic injury, he filed another application for compensation for disability claimed to be the result of the loss of the sense of equilibrium. The Commission awarded him additional com-

pensation in the sum of $1,000, payable at the rate of $8 a week for 125 weeks. This was stated by this Court, in its opinion, to have been made under the sub-caption "Other Cases." The "Other Cases" section was considered in connection with the proposition that the test provided by it was not loss of wages, but loss of earning capacity, and the Court affirmed the award, stating "It is clearly contemplated by the statute that the commission shall consider from time to time any new disability, provided the aggregate of allowance for permanent partial disability shall not exceed $3,000." It is expressly provided in the "Other Cases" clause that the award shall be "subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest." *Baltimore Publishing Co. v. Hendricks,* 156 Md. 74 at page 80, 143 A. 654, 656. In *Baltimore Tube Co. v. Dove,* 164 Md. 87, 164 A. 161, 166, the claimant was awarded compensation for temporary total disability for a hernia which necessitated an operation. Phlebitis and varicose veins developed later, and the claimant asked for a reopening of the case. He was denied this, and on appeal to the Baltimore City Court, this decision of the Commission was reversed. The Commission, following this ruling, allowed him compensation of $18 a week for 87½ weeks, for permanent partial disability, occasioned by 25 per cent. loss of use of each leg, "and fifty-five and five-ninths weeks for further permanent partial disability under 'Other Cases,' not to exceed $1,000;" On appeal to the Court of Common Pleas in Baltimore City, this order of the Commission was affirmed, and, on appeal, came here. Judge Pattison, who delivered the opinion, said on page 92 "Involved in this prayer may be found the further question, presented by the employer and insurer, that the award of compensation made for injury to the claimant's right side, under subcaption 'Other Cases,' is not in accord with the provisions therein contained as to the manner or method of making awards in those cases." In the opinion, discussing this question, it appeared that the chief point raised by the appellant

was that the award under "Other Cases" for injuries to the claimant, was not made by ascertaining the difference between claimant's average weekly wages and his wage earning capacity thereafter in the same employment and by awarding him 50 per cent. of such difference. The Court said that as the award did not disclose how the amount was reached, it could not be said that the Commission did not reach its conclusion as directed by the statute. "The aggregate amount required by the order to be paid to the claimant is not in excess of $3,000, the limit fixed by the statute. The award provides for the payment of $1,000 and not more, which is within the sum allowed by the statute." And in the conclusion of the opinion the Court said "The fact that the payment of compensation was extended over a definite number of weeks does not indicate that the statute was not followed as to its requirements in the ascertainment of compensation, especially in cases like this of permanent partial disability. This provision of the statute is not one of recent origin, and we may say that in all such cases heretofore passed on by the Commission, so far as we are informed, the compensation has been awarded as here awarded; that is, by an allowance to claimant of compensation for so many weeks, the aggregate sum allowed not to exceed the sum named therein." This case was reversed on another ground, but the last statement quoted clearly shows that the Court approved the action of the Commission in giving an award of $1,000 under the "Other Cases" section, basing it upon what it states was the practice of the Commission in all such cases. The specfiic question here presented was not urged upon the Court by the appellee, who was apparently satisfied with his award, but the appellants asked the Court for a construction of the "Other Cases" clause, although for somewhat different reasons than those presented in the case before us. The construction of that clause, therefore, was before the Court, and was passed upon adversely to the contention made by the appellant here. In the case of *Gorman v. Atlantic Gulf & Pacific Co.*, 178 Md., 71, 12 A. 2d 525, the Court had

before it an order of the Circuit Court for Cecil County, reversing the order of the Commission. The Commission gave the claimant an award for permanent partial disability for loss of use of his right foot for a period of 150 weeks, and an additional award for permanent partial disability under the "Other Cases" section for a further period of 55⅔ weeks, but not to exceed the sum of $1,000. The claimant had already received $3,400 for his temporary total disability and therefore the total award which he would receive was $7,100. The employer claimed that the limit of compensation was $5,000 and, therefore, the claimant was not entitled to receive more than $1,600 for permanent partial disability. The Court, speaking through Judge Parke, said that whatever force inhered in the position that an award for permanent total disability should not be exceeded by aggregate awards for temporary total disability, followed by permanent partial disability, the Court could not allow an inference to prevail against the manifest intent of the Legislature, and that there were four different compensable disabilities; namely, temporary total, permanent total, temporary partial, and permanent partial, and the measure of the compensation in each case was not for the Court to create or change, but was fixed by the Legislature. The Court said 178 Md. at page 79, 12 A. 2d at page 529, citing as authority, the previous cases above mentioned: "It does not appear from the record what was the other disability that was partial in character but permanent in quality and not embraced in the preceding schedule of specific injuries, which the workman had sustained, but the record does show an agreed finding by the trial court that there was such another injury that had caused a permanent partial disability within the scope of 'Other Cases' for which compensation at a weekly rate of fifty-five and two-thirds weeks should be paid, if it did not exceed $1,000. The court here can not assume that the finding of an issue of fact by the common consent of the parties is false, and the award by the Commission of this last compensation upon the basis of this finding of fact is, there-

fore, within the scope of the statute and pursuant to its terms." Again the exact question presented in the case before us does not seem to have been dicussed by the Court, but an award was clearly approved, which could not have been approved had the construction, contended for by appellant here, been considered correct by the Court. In the latest case, *Miller v. James McGraw Co.*, 184 Md. 529, 42 A. 2d 237, 243, decided on April 11, 1945, the Court itself raised the question and stated its decision in the following words: "Although the statute prescribes that these payments shall be made 'during the continuance of such partial disability' and the subsection we are now dicussing pertains to the type of disability that is 'permanent,' thus indicating, if literally construed, that every claimant under the 'Other Cases' paragraph would ultimately get the limit of $3,000 compensation, this Court has not adopted such a construction. We have held that, in accordance with this paragraph, the State Industrial Accident Commission may fix the amount and the number of weekly payments, and set an aggregate sum less than the statuatory limit of $3,000." The cases are then given, and the opinion continues "Under the authority of these cases, therefore, we hold that in giving effect to the jury's answer of '25 per cent.' to issue No. 3, the Commission may ascertain the amount of compensation on the basis prescribed in the 'Other Cases' paragraph of the statute, as hereinbefore construed, and may fix the number and amount of weekly payments, not to exceed, however, the sum of $3,000, in the aggregate."

We have, therefore, in opposition to the position of appelant, five decisions of this Court in which awards were approved, which could not have been made under her construction of the statute. One of these cases states that the Court's conclusion was based upon the previous administrative practice of the Commission in all cases, and the last decision meets the issue squarely, and decides it on the authority of the previous cases. In addition, the Legislature, since the first decision of this Court in 1928, has amended Section 48 seven times. Act of 1931, Chap.

363, Act of 1935, Chap. 487, Act of 1937, Chap. 329, Act of 1941, Chap. 626, Acts of 1943, Chaps. 126 and 478, and Act of 1945, Chap. 336. In none of these amended statutes has the wording of the "Other Cases" subsection been changed or altered in any respect except to change the amounts in 1945 as we have already stated. The legislative body is not slow, at times, to amend the statute law of the State to make it correspond with what it originally intended, if this Court has found that such intention was not properly evidenced by the wording of the original Act. Many instances may be given of this; one of these being the passage of Chapter 724 of the Act of 1945, amending the Uniform Declaratory Judgments Act. It is a fair inference, therefore, that the Legislature itself is satisfied with the construction placed by this Court upon the section in question.

The English House of Lords has held that it has no power to overrule its own decisions. (*London Street Tramways Co. v. London County Council* (1898), A. C. 375.) We are not so bound by precedent in this country, but, on the other hand, it is a well recognized and valuable doctrine that decisions, once made on a question involved in a case before a court, should not thereafter be lightly disturbed or set aside (except by a higher court). This is because it is advisable and necessary that the law should be fixed and established so far as possible, and the people guided in their personal and business dealings by established conclusions, not subject to change because some other judge or judges think differently.

On the other hand, it is sometimes advisable to correct a decision or decisions wrongly made in the first instance, if it is found that the decision is clearly wrong and contrary to other established principles. The appellant claims that this is such a case. In support of that contention, she cites the doctrine frequently laid down by this and other courts, that where a statute is clear and unambigious, there is no room for judicial construction, and any change in its obvious meaning is judicial legislation, contrary to constitutional authority. One of the cases

we have already cited, *Gorman v. Atlantic Gulf & Pacific Co.*, 178 Md. 71, 12 A. 2d 525 lays down that rule in reference to the Workmen's Compensation Act. Judge Parke, speaking for the Court there, said 178 Md. at page 75, 12 A 2d at page 527 "* * * the measure of the compensation to be appropriately awarded in these instances as they may occur" (the four different compensable disabilities) "is not for the Court to create nor to change. The Court must declare the legislative intention as expressed by the statute to the exclusion of the suggested interpolations." This was quoted with approval in the compensation case, recently decided by us, of *Jackson v. Bethlehem-Fairfield*, 185 Md. 335, 44 A. 2d 811. There are numerous decisions to the same effect, but it is sufficient to refer to two other recent cases, both also involving the Workmen's Compensation Law. The first of these is *Paul v. Glidden Co.* 184 Md. 114, 39 A. 2d 544, 546, in which was claimed that the construction which was ultimately adopted by this Court of certain sections of the Act, would produce inequalities and hardships. This Court said, in speaking of the Act, "There were, in its first enactment, certain inequalities which have, from time to time, been corrected by amendment. There may be need for further amendment. As to this, we express no opinion, as it is not within our providence. Some of the present provisions may be inequitable. To consider this, is also outside of the scope of our duties. The enactment is made in pursuance of the police power (*Solvuca v. Ryan & Reilly Co.*, 131 Md. 265, 101 A. 710) and the details must be left to the judgment of the Legislature, unless some basic right is infringed." The second case was *Howard Contracting Co. v. Yeager,* 184 Md. 503, 41 A. 2d 494, 498. In that case another section of the Act was in question, and it was also claimed that an inequity would result, this time against the employer and insurer. The majority of the court said "We cannot assume authority to read into the Act what the Legislature apparently deliberately left out. Judicial construction should only be resorted to when an ambiguity exists. Here, we

find none. Whether the Act should be amended, and some different provision made for a case such as the one before us, is not for our determination. That is strictly within the purview of the legislative branch of the government."

The precise point made by appellant is that the "Other Cases" section requires payment "during the continuance of such partial disability," without any limitation except that such payments shall not exceed $3,000. She, therefore, contends that while the Commission has the right to determine the average weekly wage and the wage-earning capacity, and to fix the weekly payments at 50 per cent. of the difference between the two (a question which the claimant does not raise in this case because she was allowed the weekly maximum), the Commission has no power to limit the number of weeks so long as the permanent partial disability continues, and that the only limitation, unless there is a subsequent modification, is when the aggregate weekly payments reach the maximum sum fixed by the statute. This contention would result in any claimant suffering a permanent partial disability, through an unspecified injury, receiving $3,000 (now $5,000), no matter whether the disability was great or small. If the disability was slight, and the wage-earning capacity was thereby only slightly diminished, the weekly payments would be less, and it would take longer to reach the maximum, but the claimant would in the end receive the full amount. On the other hand, if the wage earning capacity were seriously disturbed by the permanent partial disability, the claimant would get the maximum weekly payments and would continue to get them until she received $3,000 (now $5,000). Such a claimant would get the maximum more quickly, but would not get any more in the aggregate than the other claimant who received a much less serious injury. Whether the Legislature intended this or not, there is no means of ascertaining except by the words of the statute. The clear unambiguous words used seem to indicate that it did so intend, and if this were the first time this question was before this Court, we might so hold. The question now, however,

is not so simple. It becomes an issue between the two doctrines of *stare decisis* on the one hand, and constitutional lack of authority in the Court to legislate on the other.

It is interesting to note that in a number of jurisdictions and states, where similar clauses are in compensation acts, with a limitation, ether as to amount, or as to number of weeks, the courts have held that there is no discretion to give less than the limitation. Some such cases are *Lumber Mutual Casualty Co. of New York v. Locke,* 2 Cir., 60 F. 2d 35, construing the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. A. Sec. 901, *et seq., Alabama By-Products Corporation v. Winters* 234 Ala. 566, 176 So. 183, construing the Alabama Act, *Kilpatrick v. Hotel Adams Co.,* 42 Ariz. 128, 22 P. 2d 836, construing the Arizona Act; *Emry v. Cripes,* 110 Kan. 693, 205 P. 598, construing the Kansas Act; *State, ex rel. Melrose Granite Co. v. District Court,* 143 Minn. 397, 173 N. W. 857, construing the Minnesota Act; *Schaefer v. Buffalo Steel Car Co.,* 250 N. Y. 507, 166 N. E. 183, construing the New York Act. On the other hand, without naming them in detail, there are a number of states which, by statute, confer upon accidents boards and commissions discretion to limit the amount or duration of such payments to a sum or period less than the maximum named. That is the effect of the prior decisions of this Court construing the "Other Cases" section, which by judicial interpretation, reach the same result achieved in these other states by unequivocal statutory provisions.

Appellant contends that the effect of the judicial interpretation of the statue leaving discretion in the commission to award a total amount less than $3,000 (now $5,000) prevents her and other claimants similarly situated from having the benefit of the appeal given by Section 70 of Article 101. It is not a necessary requirement under due process that an appeal shall be allowed. *Branch v. Indemnity Ins. Co.,* 156 Md. 482, 144 A. 696. In construing the statutory appeal authorized, it has been held that the province of a jury or of a court sitting as a jury, is not to find a verdict or fix an amount or to make an

award, but merely to find the facts. Under an early decision of this Court, which has been followed ever since, the function of such a jury on appeal was considered and it was said "It seems clear from the entire section that it is not within the powers of the jury on such an appeal to find a verdict for any amount or to fix the rate or period of compensation or to make any award. It may, however, find the facts upon which the court determines whether the finding of the Commission shall be confirmed, reversed, or modified." *Schiller v. Baltimore & O. R. Co.,* 137 Md. 235, at page 242, 112 A. 272, 275.

It by no means follows, however, that there can be no appeal in claims under the "Other Cases" section. In order to make an award under that section the Commission must find facts. It must find among other things the wage-earning capacity of the claimant, and then award him or her 50 per cent. of the difference between his or her average weekly wages and the wage-earning capacity thus found. If any of the parties contend that the Commission has made an error in finding the wage-earning capacity of a claimant, an appeal can be had on that issue.

The case before us presented only a question of law, and the issues were not such as a jury or a court sitting as a jury could pass upon. The appellant had been given the maximum weekly payment, which in her case would indicate an 80 per cent. loss of wage-earning capacity. We must assume that is what was determined, and as that was within the authority of the Commission, and the appellees took no appeal, there is nothing before us on this point. The sole question is whether the Commission had the right to limit the award to $2,000.

It is suggested that the Commission has made a practice of awarding the maximum weekly amount in each case and has indicated the percentage of loss of wage-earning capacity found by the percentage of the maximum given as the limit of the particular award. If this is true, it is wrong under the statute, and has the effect of preventing an appeal by the claimant. We cannot, however, as-

sume on the face of the record that such a method was adopted in the case before us.

It has been the law for 18 years, and was the administrative practice for a number of years before the first decision of this Court in 1928 that the total award could be less than the maximum. If any undue hardship had resulted, it would seem probable that the Legislature would have corrected the situation by an appropriate amendment to the Workmen's Compensation Law. As we have stated, it made no such amendment. Hundreds of cases must have been decided under the interpretation placed upon the "Other Cases" section by our predecessors. The claimants in these cases, at least since 1928, were working and were injured under the statute as interpreted by this Court. That has been the law since that time. Constitution, Article IV, Section 15. The appellant was injured under that law. Upon what principle of equality and justice can we now determine that she is entitled to compensation under a different interpretation, which makes a different law from that under which she was employed?

Our reasoned conclusion is that the interpretation of the "Other Cases" section must remain as it has existed at least for the past 18 years, until such time as the General Assembly of Maryland shall see fit to change it. It is, in our opinion, more important that the law should remain settled as it is than that another interpretation possibly more logical should now, after all these years, be given to it.

*Judgment affirmed, with costs.*