### FRANK G. HYMAN *v.* ROBB TYLER, ET AL.

[No. 101, October Term, 1946.]

302

*Decided April 17, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Paul Berman,* with whom were *Sigmund Levin, Theodore B. Berman* and *John S. Strahorn, Jr.,* on the brief, for the appellant.

*William R. Semans,* with whom were *F. Fulton Bramble* and *Barton, Wilmer, Bramble, Addison & Semans* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

Frank G. Hyman, claimant, appellant, employed by Robb Tyler, and who had been so employed for about two months at an average weekly wage of $50, was injured in the back on February 9, 1945, while loading rubbish on a truck, in the course of his employment.

He subsequently filed a claim for compensation with the State Industrial Accident Commission. A hearing was held before that Commission where appellant testified. Dr. H. Alvin Jones examined the appellant at the instance of his attorney, and a report of his examination was offered in evidence before the Commission in which it was estimated that appellant's permanent disability amounted to about 20%. The report of Dr. W. A. Darby was also filed with the Commission by the appellees, in which he estimated that the permanent disability did not exceed ten to fifteen per cent. The State Industrial Accident Commission, on October 23, 1945, ordered that Robb Tyler, employer, and Eagle Indemnity Company, insurer, appellees here, pay unto Frank G. Hyman, claimant, appellant here, for permanent partial disability, compensation at the rate of $18 per week, payable weekly, for the period of 35¼ weeks, not to exceed the sum of $650 under "Other Cases." From that award and order the appellant appealed to the Superior Court of Baltimore City.

Following the decision of this Court in the case of *Townsend v. Bethlehem-Fairfield Shipyard, Inc.*, 186 Md. 406, 47 A. 2d 365, the appellees filed a motion to dismiss the appeal, to which motion an answer was filed by the appellant. After a hearing before the Trial Court, the Trial Judge granted appellees' motion to dismiss appellant's appeal, affirmed the decision of the Commission, and entered a judgment for the appellees for costs.

The appellant contends here, (1) that the Trial Court erred in refusing to permit the appellant to call Commissioner Simpson, of the State Industrial Accident Commission, to testify as to the method used by her in arriving at the sum of $650, the amount awarded the appellant for permanent partial disability under "Other Cases"; (2) that the Trial Court erred in refusing to permit the appellant to call Dr. H. Alvin Jones to testify as to the nature and extent of appellant's disability; (3) that the interpretation given by this Court as to the "Other Cases" section, Code Supp. 1943, Art. 101, Sec. 48, in the case of

*Townsend v. Bethlehem-Fairfield Shipyard, Inc., supra,* which decision was applied by the Trial Judge to the instant case, is unconstitutional.

(1) In the case of *Robert Allen v. Glenn L. Martin Company and Globe Indemnity Company,* 188 Md. 290, 52 A. 2d 605, No. 100 October Term 1946, filed immediately prior hereto, although we stated that the admissibility of Commissioner Koon's testimony as to the method used by him in arriving at his decision in that case was not before us, we also stated that in general the question whether the determination of an administrative agency is arbitrary is decided from the determination itself and the record in the case and not from the evidence of the members of the agency how it arrived at its decision. In the instant case this question is before us for decision on an exception to the refusal of the Trial Court to permit the appellant to call Commissioner Simpson for the same purpose. We here hold as we intimated in the case of *Robert Allen v. Glenn L. Martin Company et al., supra,* that this testimony was not admissible as to the method used by her in arriving at her decision here. *Heaps v. Cobb,* 185 Md. 374, 45 A. 2d 73; *Chicago, B. & Q. R. R. v. Babcock,* 204 U. S. 585, 594, 27 S. Ct. 326, 51 L. Ed. 636; *United States v. Morgan,* 313 U. S. 409, 421, 61 S. Ct. 999, 85 L. Ed. 1429. See also note 17 *N. Y. U. L. Q. R.,* page 269. Of course the commission being a quasi-judicial tribunal must act solely on the evidence before it, and not on knowledge or information otherwise acquired by it. *Dembeck v. Bethlehem Shipbuilding Corporation,* 166 Md. 21, 170 A. 158; *Bethlehem-Sparrows Point Shipyard v. Damasiewicz,* 187 Md. 474, 50 A. 2d 799; *Chicago Junction Case,* 264 U. S. 258, 263, 44 S. Ct. 317, 68 L. Ed. 667.

It is true that in the case of *Consolidated Gas Co. v. Baltimore City,* 105 Md. 43, 65 A. 628, 121 Am. St. Rep. 553, this Court held that it was competent to inquire from the members of the Appeal Tax Court themselves what were their methods in reaching the assessment they made for the purpose of showing either that it was

illegal or excessive. However, this decision was founded largely upon Section 170 of the then Baltimore City Charter which has no application to the present case. Also in the case of *Susquehanna Power Co. v. State Tax Commission,* 159 Md. 359, 151 A. 39, it was held that, at a hearing before the State Tax Commission on an original assessment to be made by it, the Commission is under an obligation to state the basis of a proposed assessment, when this is requested in an orderly and appropriate manner; but that a statement by the Commission that they had considered the three specified statutory elements was a sufficient statement as to the basis of their valuation, in the absence of a request for a more detailed or specific statement. The rule in these cases was taken from the old case of *Tide Water Canal Co. v. Archer,* 9 Gill & J. 307, a condemnation case, and these cases are no applicable here.

The remaining questions were presented to this Court in the opinion filed immediately prior hereto, *Robert Allen v. Glenn L. Martin Company and Globe Indemnity Co., supra,* which we will hereinafter refer to in this opinion as the Allen case, and we will therefore refer only to that opinion in our decision on those questions.

(2)  The proffer of testimony by Dr. Jones was properly refused in the hearing in the Trial Court, as the only question there was whether the Commission had acted arbitrarily in limiting the amount of the award. Allen case, *supra.*

(3)  The question of constitutionality here raised was passed upon in the *Allen* case, *supra,* and it is needless to further discuss it here.

As the amount awarded the claimant in the instant case was the maximum weekly payment, there was no question of fact before the jury or Trial Judge sitting as a jury. The case presented only a question of law as to whether the Commission abused its discretion or acted arbitrarily in fixing the period of time for which compensation was allowed and thereby in fixing the limit of $650. According to the report of appellant's doctor, filed with the

Commission, appellant suffered, as a result of this accident, 20 per cent. permanent disability. According to the report of appellee's doctor, his permanent disability was not over from 10 to 15 per cent. Applying the principles announced by this Court in the *Allen* case, *supra,* we are not able to find from the record that the State Industrial Accident Commission acted arbitrarily or abused its discretion in making the award. The appeal should not have been dismissed. The Court, however, was correct in affirming the decision of the State Industrial Accident Commission and entering judgment for the appellees for costs. Allen case, *supra.*

*Judgment affirmed, with costs.*