### JAMES BENONI *v.* BETHLEHEM-FAIRFIELD SHIPYARD, INC., ET AL.

[No. 102, October Term, 1946.]

*Decided April 17, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Paul Berman,* with whom were *Sigmund Levin* and *Theodore B. Berman* on the brief, for the appellant.

*Robert E. Coughlan, Jr.,* for the appellees.

COLLINS, J., delivered the opinion of the Court.

The claimant, appellant, James Benoni, on March 28, 1945, while working for the Bethlehem-Fairfield Shipyard, Inc., and earning an average weekly wage of $75.88, was injured as a result of a load of bricks falling on him. A claim was filed before the State Industrial Accident Commission and a hearing was held on June 19, 1945,

to determine the nature and extent of his disability. At the hearing the appellant appeared and testified. The appellant offered in evidence the report of his examination made by Dr. Robert W. Johnson, Jr., at the instance of his attorney. The report of Dr. Robert E. Chenowith was also offered. These reports were considered by the Commission, but by agreement of counsel were not to be used in case of appeal. The Commission, on June 26, 1945, ordered that the Bethlehem-Fairfield Shipyard, Inc., employer, and the Maryland Casualty Company, insurer, appellees here, pay unto James Benoni, claimant, appellant here, compensation for permanent partial disability at the rate of $18 per week, payable weekly for the period of 41⅔ weeks, not to exceed the sum of $750 under "Other Cases." From that award the appellant appealed to the Court of Common Pleas of Baltimore City.

After the filing of the decision of this Court in the case of *Townsend v. Bethlehem-Fairfield Shipyard, Inc.,* 186 Md. 486, 47 A. 2d 365, hereinafter referred to in this opinion as the *Townsend* case, the appellees filed a motion to dismiss the appeal. The appellant then filed a motion requesting the Court to reverse the decision of the Commission, and on the same day filed eight substituted issues. The purpose of these amended or substituted issues was to have a jury determine if the appellant had suffered any disability to any of his extremities, on the theory that as a result of the permanent disability to his back, he had permanently lost a part of the use of each arm and leg. The trial judge denied the appellees' motion to dismiss the appeal and he sustained the appellees' exceptions to appellant's substituted issues and allowed the appellant five days to file additional amended issues. After the five days had expired, the appellant stated to the Court in writing that he was unable to prepare other issues which would submit to a jury the question of the extent of his permanent partial disability. The appellant also, by his written statement, raised the constitutionality of the "Other Cases" provision of the statute as interpreted by this Court in the *Townsend* case, *supra*. The Trial

Judge thereupon entered judgment affirming the decision of the State Industrial Accident Commission and for costs. From that judgment the appellant appeals here.

The appellant contends (1) that the Court was in error in sustaining appellees' exceptions to appellant's substituted issues; (2) that the Commission may not validly make a decision limiting the award of compensation in cases of permanent partial disability to the sum of $750 under "Other Cases"; or to any amount less than $3,000; (3) that the interpretation of the "Other Cases" section in the Workmen's Compensation Act, Code, Supp. 1943, Art. 101, Sec. 48, is unconstitutional as interpreted by this Court in the *Townsend* case, *supra.*

(1) The Trial Judge was clearly correct in refusing to submit these substituted issues to the jury, as no questions regarding such injuries were submitted to or passed upon by the State Industrial Accident Commission. It has been heretofore held by this Court that the State Industrial Accident Commission should have an opportunity to pass upon claims in the first instance and that this Court should not aid in any attempt to circumvent the State Industrial Accident Commission in order to make the courts the tribunal of first instance. The Legislature did not intend to enable a claimant at his mere whim to impose the duties of administrative officers upon the courts. *Oxford Cabinet Company v. Parks,* 179 Md. 680, 683, 22 A. 2d 481; *Hathcock v. Loftin,* 179 Md. 676, 678, 22 A. 2d 479.

(2) This Court has decided many times that the Commission may validly make a final decision limiting the amount of the award for permanent partial disability under "Other Cases" to less than the maximum of $3,000. *Townsend* case, *supra; Allen v. Glenn L. Martin Co. and Globe Indemnity Company,* 188 Md. 290, 52 A. 2d 605; *Hyman v. Tyler and Eagle Indemnity Company,* 188 Md. 301, 52 A. 2d 610.

(3) This Court in the two previous cases, *Allen v. Glenn L. Martin and Globe Indemnity Co., supra,* and *Hyman v. Tyler and Eagle Indemnity Co., supra,* passed

upon the question of constitutionality here presented, and held the section constitutional and it is not necessary that we further elaborate on that point here. The judgment of the Trial Judge will therefore be affirmed.

*Judgment affirmed, with costs.*