JAMES H. PORTER *v.* BETHLEHEM-FAIRFIELD SHIPYARD, INC., ET AL.

[No. 156, October Term, 1946.]

*Decided June 11, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Z. Townsend Parks, Jr.,* with whom was *Howard C. Bregel* on the brief, for the appellant.

*Robert E. Coughlan, Jr.,* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal by the claimant in a Workmen's Compensation case is from a judgment of the Baltimore City Court, in which the court, sitting without a jury, affirmed a decision of the State Industrial Accident Commission. The appellant sustained an accidental injury to his back, arising out of and in the course of his employment, on December 20, 1941. He was given first-aid at the company's hospital, and the accident was reported to the State Industrial Accident Commission by the employer on December 27, 1941. He also signed a form of claim which the company filed for him on December 30, 1941. The surgeon's report was filed on December 23, 1941, by the company doctor. Without hearing, the Commission, on January 10, 1942, entered the following order:

"After due consideration of the above entitled case it is found that James Hamilton Porter was injured on

the 20th day of December, 1941, while in the employ of Bethlehem-Fairfield Shipyard, Inc., that his injuries consisted of an injured back; that his average weekly wage was $45.00 and that he was temporarily totally incapacitated as a result of said injuries.

"It is, therefore, this 10th day of January, 1942, by the State Industrial Accident Commission, Ordered that compensation at the rate of $20.00 per week, payable weekly, be paid to the said James Hamilton Porter by Bethlehem-Fairfield Shipyard, Inc., employer, and Maryland Casualty Co., insurer, during the continuance of his disability subject to the provisions of the Workmen's Compensation Law, Code, 1939, Art. 101, sec. 1 *et seq.*, compensation to begin as of the 26th day of December, 1941, and that final settlement receipt be filed with the commission in due time." This order was designated as "award of compensation."

The claimant received $71.43 for temporary total disability, and signed a receipt which was filed with the Commission, reading: "Received of Bethlehem-Fairfield Shipyard, Inc., and Maryland Casualty the sum of Seventy-one Dollars and 43 Cents ($71.43), making in all, with weekly payments already received by me, the total sum of Seventy-one Dollars and 43 Cents ($71.43), in final settlement and satisfaction of all claims for compensation subject to review as provided by Law, on account of injuries suffered by James H. Porter on or about the 20th day of December, 1941, while in the employ of Bethlehem-Fairfield Shipyard, Inc.

"I returned to work on the 20th day of January, 1942, at a wage of $45.08 per week."

After the claimant returned to work, however, he continued to suffer severe pain in his back, and on June 6, 1942, he was operated upon by doctors to whom he was sent by the employer, who removed two intervertebral discs from his spine. He was in the hospital from June 4 to June 25, 1942, at the expense of the employer and insurer, but was paid no compensation. No report of this operation was ever filed by the employer. After

further treatment by the Company doctor, he returned to work on August 3, 1942. On July 31, 1942, while still disabled from his recent operation, he signed the following statement at the office of the insurer:

"My name is James H. Porter, age 32, and I am employed as erector at the Bethlehem-Fairfield Shipyard, Inc. I am married and earned Eighty-five ($.85) Cents per hour and worked on an average of 54 hours a week. My weekly wages averaged $46.00. On December 20, 1941, while knocking slips off a tank top with a maul, I slipped against a shell frame, injuring my back. I immediately had a bruised feeling. I continued to work the day out, but the next work day, Monday, I reported to the dispensary where I was stripped up by Dr. Dulaney. They sent me home where I remained a month. . I then returned to work and worked for three weeks on full time. Off and on up until June, I was laid up in bed. In June I was operated on for spinal injury. I spent three weeks in the hospital. I have completely recovered and expect to return to work on Monday, August 3rd. Tomorrow, Saturday, I am to report to Dr. Dulaney at the Fairfield Hospital for final discharge. The above statement is true to the best of my knowledge and belief."

This statement was not filed with the Commission, and no claim was filed at that time.

The employee continued to work for the employer. In July, 1945, he inquired about compensation at the office of the insurer. He was told that the file was not in the office. Later, he was examined by the insurer's physician, and told that he had a 15 per cent. disability. On November 22, 1945, he was laid off along with a number of other workmen. On January 4, 1946, through his attorney, he requested a hearing before the Accident Commission to determine the nature and extent of his disability. The employer raised issues as to the authority of the Commission to reopen the case, and whether the application was made "within three years from the date of the last payment of compensation." After hearing

testimony by the claimant and considering reports by the claimant's Doctor and other Doctors, the Commission, on May 14, 1946, passed the following order: "After due consideration of the testimony that was taken and the facts of the case, the Commission finds that the temporary total disability of the claimant for which compensation was heretofore awarded in the case, terminated on August 2, 1942, inclusive, subject to a credit for the days on which the claimant worked and earned wages and the Commission further finds that the claimant was not permanently partially disabled as a result of the accidental injury complained of. On the third issue the Commission finds for the employer and insurer and the petition to reopen is hereby denied.

"It is, therefore, this 14 day of May, 1946, by the State Industrial Accident Commission Ordered that the Order of this Commission dated January 10, 1942 awarding compensation unto the claimant for temporary total disability, shall terminate as of August 2, 1942, inclusive, and it is further Ordered that the petition to reopen this case, be and the same is hereby denied."

This order was designated as "Supplemental Compensation Award."

The claimant appealed from this order and filed issues raising the questions (1) For what period or periods was the claimant temporarily disabled? and (2) What permanent partial disability has the claimant suffered? The employer and insurer did not appeal, but raised the issue: "Was the claim filed within three years from the date of the last payment of compensation?" The claimant's Doctor testified that he had a permanent partial disability to his back of 25 per cent. Later, he explained that this estimate included impairment of the use of his leg, and was intended to cover the disability considering "the man as a whole." The employer offered a motion to dismiss the appeal, which was refused, and a prayer "that it appeared from the uncontradicted testimony in this case that the claimant's petition to reopen was not filed within three years from the date of the

last payment of compensation," which was granted. The court refused the claimant's issues, answered the employer's issue in the negative, affirmed the decision of the Commission, and entered judgment for costs. In stating his reasons the court remarked that he had no doubt that "this man has a 25% permanent disability," but thought the claimant was barred by limitations, in the absence of any "ground of estoppel." The claimant appealed from that judgment.

Section 53 of Art. 101 of the Code, as amended by Laws 1945, Ch. 528, sec. 2, provides in part as follows:

"The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any final award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within three years next following the last final award of compensation, but no award shall be considered a final award under this Section unless it shall have been so designated on the award by the Commission. In cases where no final award shall have been made by the Commission, but an award not designated as a final award shall have been made by the Commission, no additional award or awards of compensation shall be made by the Commission unless application therefor be made to the Commission within three years next following the last payment of compensation under such award or awards not designated by the Commission as final. * * *.

"The State Industrial Accident Commission shall not pass any order or make any award designated as a final order or award, except after a hearing, or unless the parties shall have been afforded an opportunity to ask for a hearing or unless the parties shall consent to the passage of such final order or award."

It is clear that the original award was not designated as final, and could not have been made final in the ab-

sence of a hearing. We find no merit in the suggestion that the filing of the final settlement receipt had the effect of closing the award, which directed payment during the continuance of temporary total disability. The position of the appellees seems to be that the "last payment of compensation under such award or awards not designated by the Commission as final," must refer to January 20, 1942, when the claimant first returned to work. The appellant contends, on the other hand, that the last payment must be that still due and unpaid under the supplemental award from which the appellees did not appeal. It is not disputed that the claimant was not paid for the time lost due to the operation, although he filed a statement with the insurer in the nature of a demand.

The appellees make the point that if they had paid the additional compensation due on August 2, 1942, more than three years would have elapsed before the claim for permanent partial disability was brought forward. It does not follow, however, that the appellees can rely upon their failure to pay as the equivalent of payment. The validity of the "supplemental award" of additional compensation which fixed the end of the period of total disability, is not now open to question. Compare *United States Fidelity & Guaranty Co. v. Taylor*, 136 Md. 545, 110 A. 883, and *Syfer v. Fidelity Trust Co.*, 184 Md. 391, 41 A. 2d 293. So long as this remains due and unpaid, we think the statute does not run. The employer could have protected itself against further claims by paying the additional compensation in 1942, or by applying to the Commission for a final order. If it had done so, it may well be that the Commission would have inquired into the extent of permanent partial disability, if any, due to the operation. In any event, we hold that the section, as applied to the facts of this case, presents no obstacle to the claim. We think the trial court erred in ruling as a matter of law that the period of limitation had expired at the time application for an additional award for permanent partial dis-

ability was made. We find it unnecessary to pass upon the question of estoppel raised by the appellant.

The Commission's order appealed from is somewhat ambiguous, if not inconsistent. In the view we take of the case, the application did not involve a reopening of a prior decision, but the conclusion of an open claim, upon which no prior hearing was ever had. Compare *Stevenson v. Hill,* 170 Md. 676, 185 A. 551. If the application was timely, the jurisdiction of the Commission to decide it, or the right to appeal from an adverse determination, cannot be doubted. The allowance of additional compensation in the order accepted by the employer and insurer was in itself a recognition of continuing jurisdiction. Likewise, we find no basis for the finding of the Commission "that the claimant was not permanently partially disabled as a result of the accidental injury complained of." The testimony of the claimant was to the contrary, and his statement as to what the Company's doctor told him was not disputed. The doctor's statements are not before us, but the claimant's doctor testified in Court, and seems to have convinced the Court that there was a permanent partial disability.

This claim seems to fall in the category of "other cases," under sec. 35, Art. 101, as amended by Laws 1945, Ch. 528, sec. 2. The amount to be awarded is in the discretion of the Commission, provided, of course, there is a finding of disability supported by substantial evidence. *Allen v. Glenn L. Martin Co.,* 188 Md. 290, 52 A. 2d 605; *Townsend v. Bethlehem-Fairfield Shipyard,* 186 Md. 406, 47 A. 2d 365; *Miller v. James McGraw Co.,* 184 Md. 529, 42 A. 2d 237. We find no substantial evidence to support the Commission's finding in this case. In the *Allen* case we held that the court could not remand a case to the Commission to supplement the record by further testimony as to wage-earning capacity, where the maximum weekly amount was allowed. We pointed out that "if any of the parties felt aggrieved by the finding of the Commission as to the wage earning ca-

pacity of the claimant, an appeal could be had on that issue to the Courts. * * * On appeal it is not within the province of the jury or of the Court sitting as a jury on appeal to find a verdict, or fix an amount, or to make an award for any amount, or to fix the rate or period of compensation but merely to find the facts." [52 A. 2d 609.]

In the *Miller* case, where the Commission's finding of permanent total disability was reversed by a jury's finding of permanent partial disability, the effect of the affirmance of the lower court's judgment reversing the action of the Commission, was to permit the Commission to "ascertain the amount of compensation * * * and * * * fix the number and amount of weekly payments, not to exceed" [184 Md. 529, 42 A. 2d 243], the maximum fixed by the Statute, in terms of loss of wage-earning capacity as found by the jury. In the instant case, our reversal of the judgment below carries with it a reversal of the Commission's order, insofar as that order was adverse to the appellant's claim. The Commission must determine the amount and period of the award for permanent partial disability, in the light of the Court's finding a 25 per cent. loss of wage-earning capacity.

*Judgment reversed, with costs.*