EGEBERG *v.* MARYLAND STEEL PRODUCTS CO.
ET AL.

[No. 131, October Term, 1947.]

376

*Decided April 22, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Paul Berman,* with whom were *Sigmund Levin, S. Harry Herman* and *Theodore B. Berman* on the brief, for the appellant.

*Talbot W. Banks* and *Thomas G. Andrew* for the appellees.

GRASON, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Baltimore City affirming the ruling of the State Industrial Accident Commission. The facts in this case differ from the usual industrial accident case, in that we have to consider not only the accident that gave rise to this case and this appeal, but also an accident prior thereto experienced by the appellant.

On January 18, 1944, the appellant sustained an injury to his back while working for the Consolidated Engineering and Shipbuilding Company. On October 4, 1945, he sustained an injury to his back while in the course of his employment with the Maryland Steel Products Company. Claims were filed with the Commission for injuries resulting from the first and second accidents, which were consolidated and heard together by the Commission. The Commission ruled that the evidence before it showed that the claimant suffered a permanent partial disability from the first accident, and that he suffered no permanent injury of any character as a result of the second accident. The Commission dismissed his claim for compensation as a result of the second accident. It was from this action of the Commission that an appeal was taken to the Superior Court of Baltimore City, and from the action of that court in sustaining the Commission, that the appeal to this court was entered.

The evidence shows that the appellant, on January 18, 1944, suffered an injury to his back while in the course of his employment with the Consolidated Engineering and Shipbuilding Company. On January 21, 1944, he went to see Dr. J. G. Miller. He was complaining of a painful back. The doctor immobilized his back with adhesive, prescribed a sedative, and saw him in his office on the 24th, 26th and 29th of January, 1944. He did not see him after that and thought that he had recovered, because he did not return to him after that date.

After his injury on October 4, 1945, while working for the Maryland Steel Products Company, he was attended by Dr. C. A. Reifschneider, who first saw him on the day of the accident. Dr. Reifschneider had an X-ray taken of the appellant's back by Dr. Walton. On November 10, 1945, the appellant was examined by Dr. Voshell, and a report of his finding is in the record. On the same day the appellant was X-rayed by Dr. Ashbury, and a report of Dr. Ashbury's finding is in the record.

Without detailing the evidence before the Commission, it is sufficient to say that there was testimony before it to support the following: That the appellant is deformed in certain of his vertebrae in the lumbar region, which condition is congenital; that this condition was accentuated by the injury which he suffered on January 18, 1944; that he suffered some temporary disability as a result of the second accident on October 4, 1945, for which he was compensated, but that there was a recovery from the second injury, to such an extent that there was no disability, either permanent or partial, resulting therefrom. There was, therefore, evidence before the Commission to support its finding in this case.

In the lower court the appellant submitted the following issue: "Did the Claimant sustain a permanent partial disability to his back as a result of the accidental injury sustained by him on or about October 4, 1945, arising out of and in the course of his employment by Maryland Steel Products Company?" This issue was refused. The court ruled that there was no error of law on the part of the Commission, and that its ruling on the facts was not arbitrary.

The appellant contends that the question of whether the appellant suffered permanent partial disability resulting from his accidental injury on October 4, 1945, is a question of fact, triable by a jury. We have ruled in a number of recent cases that where a claim falls under subsection (3) of Section 48, Article 101, 1943 supplement of the code, captioned "Other Cases", as this claim

does, the Commission is authorized to fix the compensation, and that its action will not be disturbed unless its action is capricious or arbitrary. An appeal from such an award, therefore, raises only a question of abuse of discretion to be decided by the court. *Allen v. Glenn L. Martin Co.*, 188 Md. 290, 52 A. 2d 605; *Benoni v. Bethlehem-Fairfield Shipyard, Inc.*, 188 Md. 306, 52 A. 2d 613; *Bethlehem-Fairfield Shipyard, Inc., v. Damasiewicz*, 187 Md. 474, 50 A. 2d 799; *Hyman v. Tyler*, 188 Md. 301, 52 A. 2d 610; *Jackson v. Bethlehem-Sparrows Point Shipyard, Inc.*, 189 Md. 583, 56 A. 2d 702; *Miller v. James McGraw Co.*, 184 Md. 529, 42 A. 2d 237; *Porter v. Bethlehem-Fairfield Shipyard, Inc.*, 188 Md. 668, 53 A. 2d 668; *Townsend v. Bethlehem-Fairfield Shipyard, Inc.*, 186 Md. 406, 47 A. 2d 365.

It is contended by appellant that if we affirm the lower court in this case we will be extending the rule announced in the cases cited, to apply to a question of fact which is triable by a jury. The purpose of the Legislature in passing the Workmen's Compensation Law was to give prompt relief to injured workmen, and it created the Commission to administer the law. It provides for an appeal from the action of the Commission, but it would be against its purpose and intent to extend appeals by construction. Every express grant of power comprehends the authority necessary to execute it. When the Commission, therefore, is granted the authority to fix compensation for injuries falling under "Other Cases", *supra*, it necessarily possesses the power to find the fact that an injury actually exists. If there is no injury there can be no compensation awarded. The workman and the employer are protected, as either can appeal to a court, which will review the law, and if there is a mistake of law, or if the Commission has acted arbitrarily, its action will be reversed; and from the action of the lower court there is an appeal to this court. Section 57, Art. 101, 1947 Supplement Code 1939.

In *Jackson v. Bethlehem-Sparrows Point Shipyard, Inc., supra,* at p. 590, the court said:

"There is nothing in the record to show that the Commission abused its discretion in the award made under the "Other Cases" section. The amount was small, but it was not necessarily arbitrary for that reason. The evidence of nervousness or of a neurosis was slight, and on this question the Commission found against appellant when it determined against other permanent disabilities. Its decision on this question is not reviewable, but, of course, if appellant's condition in this respect grows worse, he is not foreclosed from again going to the Commission. As the question is now presented, we cannot hold there was any unreasonable action by the Commission. We see no occasion for the Court below to have stricken out the award as contended by the appellant."

Claims for nervousness or for a neurosis are not scheduled, and fall under the "Other Cases" provision, but this court, in the case last referred to, affirmed the ruling of the Commission disallowing such claims.

The appellant filed a motion to stay the appeal in this case until the appeal in the Consolidated Engineering and Shipbuilding Company case was heard. He wanted them consolidated, but in the case at bar he appealed to the Superior Court of Baltimore City, and in the other case he appealed to the Court of Common Pleas. There was no error in refusing the stay, especially in view of the fact that the appellant should have appealed both cases to the same court.

Finding no error in the action of the lower court, the judgment will be affirmed.

*Judgment affirmed, with costs.*