Chief Justice Robertson
delivered the Opinion of the Court—
Judge Nicholas did not sit in this case.
This is an action of covenant, instituted, in 1830, by George Manifee against Henry Clay, as executor of James Morrison, for a breach of a warranty of title, contained in a deed of conveyance alleged to have been made by Morrison to Manifee, in 1805.
The deed which was exhibited on oyer, purports to have been a conveyance by James Morrison and Joseph H. Daviess, as the executors of George Nicholas, and contains the following covenant only :—
“ And the said James Morrison and Joseph H. Daviess, executors &'c. for themselves, their heirs, executors and administrators, to the extent of their assets, the aforesaid tract of land and premises unto the said George Manifee, his heirs and assigns, against the claim or claims of all and every person or persons whatsoever claiming under them the said executqrs, and if the land should be lost by any prior claim, the purchase money is to be refunded with interest from this date.”
This stipulation is awkwardly drawn ; but, taken altogether, it imports a covenant, and but one covenant; and that is, that, in the event of an eviction, Morrison and Daviess, as the executors of Nicholas, should, to the *209 extent of assets then unadministered, be bound for the original consideration and interest thereon.
eedby anex-support adec’n hiVowiT cove? nant.
Wherefore, it results that the plea of plene administra-vit, filed by Clay, is a good defence ; and that the de-mnrrer to it was properly overruled. And it also follows, that the deed, as expounded by this court, does; not sustain the declaration, which seems to be founded' Morrison’s sole and individual warranty, without re-1, gard to his representative character, or to the special: covenant, to be liable only to the extent of assets* /
Judgment affirmed.