Bridges and Woods *vs.* Adams.

(Decided 20th June, 1870.)

---

JOHN C. BRIDGES and ALEXANDER P. WOODS *vs.* EMELIUS ADAMS.

*Appeal—Scire Facias—Practice.*

No appeal will lie from an order striking out a judgment on motion made at the same term at which the judgment was rendered.

A writ of *scire facias* is not an original writ within the meaning of the second section of the Act of 1864, ch. 6, and can, therefore, be made returnable only on the return day of the regular term.

Where three years have elapsed after a judgment by default, although there may be no change of parties, a writ of *scire facias* is necessary in order to have the judgment revived and extended.

APPEAL from the Court of Common Pleas.

The cause was argued before BARTOL, C. J., BRENT, GRASON·and MILLER, J.

*John Henry Keene, Jr.,* for the appellants.

*John R. Kenly* and *Benj. C. Barroll,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The order of the Court of Common Pleas, passed on the 28th day of July, 1869, by its terms, quashed the writ of *scire facias,* and struck out the judgment which had been rendered thereon.

The appeal was taken "from the judgment sustaining the motion to quash." In considering it, however, we shall not limit its effect to that part of the order quashing the *scire facias,* but treat it, as it was evidently intended by the appellants, as bringing up for review the entire order of the 28th of July.

It is necessary, first, to construe the order, and to understand exactly its scope, or legal operation and effect, for these seem to have been misconceived by the appellants' counsel.

It appears from the record, that at January Term, 1857, the appellants had obtained, in the Court of Common Pleas, a judgment by default against the appellee. That judgment so remained as a mere interlocutory judgment, until the 15th day of September, 1865, when the appellants caused a writ of *scire facias* to be ·issued out of the same Court, for the purpose of having the damages assessed and the judgment by default extended; and, accordingly, on the 19th day of June, 1866, in the proceeding upon the *scire facias,* the damages were assessed ·by the Court, the judgment extended and final judgment entered for the sum of $471 and costs.   At the same term, the defendant, appellee, filed ˙his motion "to strike out the judgment, and at the September Term, in the same year, he made his motion to quash the writ of *scire facias.*   The case was continued till May Term, 1869, when the order of the 28th of July, 1869, was passed.

Bridges and Woods *vs.* Adams.

There is some ambiguity in the proceedings growing out of the fact that "the motion to strike out the judgment" does not exactly define to which judgment it refers, whether to the original judgment by default, or the final judgment entered in 1866; and, in some aspects, the motion seems to have been intended to apply to both. However that may be, it appears that the Court, by its order of the 28th of July, actually struck out only the final or extended judgment.

No sufficient cause was shown for striking out the original judgment by default, and if the order of July could be construed as striking out or rescinding that judgment, it would be error and would be reversed. But such is not our construction of the order, although it may not be in its terms entirely free from ambiguity, yet we think its correct interpretation and only effect was to strike out the judgment which had been rendered in the proceeding under the *scire facias;* that is the extended or final judgment of June 19th, 1866, leaving the original judgment by default, which had been rendered in 1857, in full force and entirely unaffected by the order. So construing the order, the appeal may be very briefly disposed of.

The motion to strike out the judgment having been made at the same term at which it was rendered, and while it was under the control of the Court and subject to its discretion, no appeal lies from the action of the Court on the motion. *Rutherford vs. Pope*, 15 *Md.*, 579.

So far, therefore, as the order operated to, strike out the extended or final judgment assessing the damages, dated the 19th day of June, 1866, it must stand unreversed, and is not subject to review on this appeal.

The order quashing the writ of *scire facias* is a subject-matter of appeal; but the writ was issued irregularly, and was therefore properly quashed. Instead of being made returnable at the regular term of the Court, it was made returnable on the second Monday of October, being a day in the same term during which it was issued.

The second Monday of October is one of the return days established by the Act of 1864, ch. 6, to which original writs may be made returnable; but a writ of *scire facias* is not an original writ within the meaning of the second section of the Act of 1864; and it was irregular to make it returnable on any day except at the return day of the regular term.

In the course of the argument it was intimated from the bench that there having been no change of parties in the judgment by default, by death or otherwise, and no necessity for making new parties, that the writ of *scire facias* was unnecessary for the purpose of having the damages assessed and the judgment extended, and that the judgment might be made complete simply on motion under the Act of 1864, ch. 175.

Upon further consideration this Court is of opinion that where three years have elapsed after a judgment by default, although there may be no change of parties, a writ of *scire facias* ought to be issued in order to have the judgment revived and extended.

In *Foster on Scire Facias*, 27, (73 *L. Lib.*, 58,) it is said: "Where an interlocutory judgment has been obtained and the plaintiff delays executing a writ of inquiry for more than a year, he cannot proceed further without suing out a writ of *scire facias* to revive the judgment." In 2 *Tidd's Practice,* 1103, *m.*, the same rule is stated.

Our books of practice furnish a precedent for the writ in such case, 2 *Evans Harris*, 461; and we think if three years have elapsed after interlocutory judgment, it is proper that the writ of *scire facias* should be issued in order to revive and extend it.

For the reason before stated, the order quashing the writ of *scire facias* will be affirmed, and the cause will be sent back to the Court of Common Pleas, to the end that the appellants, the plaintiffs below, may take proper proceedings for the assessment of damages and the extension of the judgment by default, entered in 1857, and which remains to be

dealt with in the same manner as if the writ of *scire facias* had not been issued, or the judgment of June 19th, 1866, been entered.

*Order affirmed and*
*cause remanded.*

(Decided 22d June, 1870.)