(Decided 12th July, 1882.)

---

JOHN GLENN *vs.* RICHARD T. ALLISON, Trustee.

*Covenant—Trustee—Liability of a person covenanting as Trustee—Appeal—Construction of Act of 1864, ch. 6.*

As a general rule, it is quite well settled that one will be held *personally* liable on a covenant made by him *as trustee.* The additional word "trustee" in such cases is construed merely as a word of description, showing the capacity in which the covenantor acted.

It is equally clear on the other hand, that, although one may covenant as trustee, he may limit and qualify the character in which

Glenn *vs.* Allison, Trustee.

he is to be held answerable; and where it plainly appears from the face of the instrument, that he did not mean to bind himself personally, Courts will construe the covenant according to the plainly expressed intention of the parties; and this too in cases where the covenantor had no right to bind himself in a fiduciary character.

A suit was brought on a covenant in a mortgage made by J. G., trustee of M. A. The mortgage recited that, "whereas the said J. G. appointed by deed from said M. A., dated," &c.; "and duly recorded," &c.; "has by virtue of the provisions contained in said deed, obtained from H. C. B. a loan of two thousand dollars, and the said action of the trustee having been confirmed and ratified by order of the Circuit Court of Baltimore City," &c. &c. Then followed a description of the mortgaged premises, and a covenant on the part of J. G., trustee, to pay the mortgage debt. HELD:

1st. That if the question depended solely on the covenant itself there could be no question as to J. G's personal liability.

2nd. But when the covenant is read in connection with the recitals in the mortgage, which refer to the deed of trust by which he was authorized to borrow the money, and the order of the Court having jurisdiction over the trust property, and to whom the trustee was answerable for its proper administration, it was clear that J. G. neither meant to make himself personally liable, nor was it so understood by the mortgagee.

There is nothing in the Act of 1864, ch. 6, exempting judgments entered according to the provisions of that Act, from the operation of the well settled rule of practice, that no appeal will lie from an order of the Court striking out a judgment rendered by default, during the term at which it was entered.

APPEAL from The Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*H. C. Kennard,* for John Glenn.

*David Stewart,* and *John K. Randall,* for R. T. Allison.

ROBINSON, J., delivered the opinion of the Court.

As a general rule it is quite well settled, that one will be held *personally* liable on a covenant made by him *as trustee,* for the obvious reason, that having no power to bind the trust estate, the covenantee would otherwise be without remedy; and it is but fair to presume, therefore, that the covenant was made and accepted on the *individual liability of the covenantor.* The additional word "trustee" in such cases, is construed merely as a word of description, showing the capacity in which the covenantor acted. *Sumner vs. Wilson,* 8 *Mass.,* 162; *Duvall vs. Craig,* 2 *Wheaton,* 56; *Coe vs. Talcott,* 5 *Day,* 92; *Godley vs. Taylor,* 3 *Devereux,* 178; *Aven vs. Beckom,* 11 *Georgia,* 1; *Graves vs. Mattingly,* 6 *Bushrod,* 361.

It is equally clear on the other hand, that although one may covenant as trustee, he may limit and qualify the character in which he is to be held answerable; and where it plainly appears from the face of the instrument, that he did not mean to bind himself personally, Courts will construe the covenant according to the plainly expressed intention of the parties, and this too, in cases where the covenantor had no right to bind himself in a fiduciary character. If the plaintiff be without remedy in such cases he has no one to blame but himself, in accepting a covenant of such a character. He certainly had no right to rely upon the individual liability of the covenantor.

Thus in *Thayer vs. Wendell,* 1 *Gallison Rep.,* 37, where one covenanted in his capacity *as executor and not otherwise,* it was held that he was not personally liable, even though the plaintiff had no remedy against him in his representative capacity. Judge STORY said,

"Now the clear exposition of the contract of the defendant is,—"I covenant in my capacity as executor, and as far as I can legally bind the estate of Erving, but

I· hereby expressly exclude myself from all personal liability in any event.' Now it is quite too plain for argument, that if the words had been, as I have stated, there would have been no personal remedy. Can there be, where the words used require precisely the same exposition?"

And so in the well considered case of *Day vs. Brown,* 2 *Ohio,* 345, where the grantor covenanted, that he would warrant and defend the premises " *as executors are bound by law to do,*" the Court, whilst conceding the general rule to be as we have stated in a former part of this opinion, said that the warranty must be construed according to the intention of the parties, and that the grantor meant only to warrant the title so far as executors could do so by law, and that he did not mean to bind himself personally.

The cases of *Manafee vs. Morrison,* 1 *Dana,* 208, and *Nicholas vs. Jones,* 3 *A. K. Marshall,* 385, are to the same effect. See also *Rawle on Covenants for Title,* 51 note.

The suit in this case is on a covenant in a mortgage made by John Glenn, trustee of Margaret Armstrong.

The mortgage recites, that whereas, the said John Glenn, trustee, appointed by deed from said Armstrong, dated May 1st, 1874, and duly recorded in Liber G. R., No. 493, one of the land record books of Baltimore County, has by virtue of the provisions contained in said deed, obtained from Henry C. Buckmaster a loan of two thousand dollars, and the said action of the trustee having been confirmed and ratified by order of the Circuit Court of Baltimore City, &c. &c. Then follows a description of the mortgaged premises and covenant. on the part of Glenn, trustee, to pay the mortgage debt.

Now, if the question depended solely upon the covenant itself, there could be no question as to Glenn's per-

sonal liability, because a trustee not having the power ordinarily to bind the trust estate by covenant, it is but fair to presume that the credit was given upon his individual responsibility. But when the covenant is read in connection with the recitals in the mortgage which refer to the deed of trust, by which he was authorized to borrow the money, and the order of the Court having jurisdiction over the trust property, and to whom the trustee was answerable for its proper administration, it is clear that Glenn neither meant to make himself personally liable, nor was it so understood by the mortgagee. If the trustee had covenanted to pay the mortgage debt out of the assets belonging to the trust estate, or such as might come into his hands as trustee, no one will pretend that he would have been personally liable. And this is precisely what this covenant means when construed in connection with the deed of trust and order of the Court, under which the money was borrowed by him as trustee. Under such circumstances, it is but fair to presume that the money was loaned on the faith of the trust estate, and having been made under the sanction of the Court, it does not necessarily follow that the mortgagee has no other remedy than the personal liability of the trustee. But, as neither the deed of trust nor the order of Court is before us, we are not to be understood as expressing any opinion in regard to the liability of the trust estate. We are of opinion, however, that construing this mortgage according to the obvious meaning of the parties, Glenn is not personally liable on the covenant. And in saying this, we do not mean to question the general principle which holds one liable on a covenant made by him as trustee.

It is admitted as a general rule, that no appeal will lie from an order of the Court striking out a judgment rendered by default during the Term at which the judgment was entered. We find nothing in the Act of 1864, ch. 6, exempting judgments entered according to the provisions

of that Act from the operation of this well settled rule of practice.

Being of opinion that the defendant, Glenn, is not personally liable on the covenant in this mortgage, it becomes unnecessary to consider the several other questions which were so elaborately argued at bar.

*Judgment reversed, without awarding new trial.*

(Decided 12th July, 1882.)