## EDWIN W. ADAMS *v.* WILLIAM A. GILLESPIE.

*Right of Appeal—Order Striking Out Judgment—Imposition of Conditions.*

A motion to strike out a judgment, made at the same term, or within thirty days in Baltimore City, is directed to the sound discretion of the court, and no appeal lies at the instance of plaintiff from an order simply striking out the judgment.

pp. 53, 54

A defendant has no right of appeal from an order striking out a judgment against him, in the absence of conditions therein which deny him the means of further defending the suit, or at least showing that the order will result in some injustice to him.

p. 54

A defendant has no right of appeal from an order striking out a judgment against him, merely because it retains the lien of the judgment, and of any executions or attachments issued and outstanding thereon, pending a final decision on the merits; such a condition being neither unreasonable nor improper, and not in any way injuring the defendant.     p. 55

An appeal by defendant, from an order striking out a judgment against him, being limited to a consideration of the propriety of the conditions imposed by the order, the appellate court cannot, if such conditions are proper, consider whether the lower court had jurisdiction to enter the judgment.

pp. 55, 56

*Decided June 10th, 1926.*

Appeal from the Superior Court of Baltimore City (Frank, J.).

Action by William A. Gillespie against Edwin W. Adams and others, in which a judgment for plaintiff was entered. From an order striking out such judgment, but imposing certain conditions, defendant Adams appeals. Dismissed.

The cause was argued before BOND, C. J., URNER, AD-
KINS, OFFUTT, DIGGES, PARKER, and WALSH, JJ.

*James Carey, 3rd,* with whom were *Brown, Brune, Parker
& Carey* on the brief, for the appellant.

*Isaac Lobe Straus,* for the appellee.

WALSH, J., delivered he opinion of the Court.

On July 14th, 1924, William A. Gillespie, the appellee,
filed an action in contract under the Speedy Judgment Act
applicable to Baltimore City against Edwin W. Adams, the
appellant, Frederick C. Weber and Clay E. Delauney. The
appellant failed to file a plea and affidavit of defense within
the time required by the act, and on October 28th, 1925,
a judgment by default was entered against him for $4,-
296.77, that being the full amount claimed against all
three of the joint defendants.  On November 12th, 1925,
Adams filed a motion to strike out the judgment by default,
assigning various reasons therefor, and on December 8th,
1925, the lower court passed an order opening the judg-
ment "for the purposes of the trial of said case," but re-
tained the lien of the judgment and also the lien of all
outstanding attachments and executions issued on the judg-
ment, and from this order Adams appealed.

The appellee has filed a motion to dismiss the appeal on
the ground that the order appealed from is not a final order
and hence no appeal lies, and we think this contention in
this case is sound.

The general rule on this subject is thus stated in 2 *Poe,
Pl. & Pr.,* pages 800-801: "Orders or rulings which do not
settle and conclude the rights involved in the action and
do not deny to the parties the means of further prosecuting
or defending the suit, are not the subject of appeal at the
time they were made."

And on the specific question of appeals from motions to
strike out judgments made at the same term they were
rendered (or within thirty days thereafter in Baltimore

City), it has long been settled that the motion is directed to the sound discretion of the court, and that no appeal will lie at the instance of the plaintiff from an order simply striking out the judgment. *Glenn v. Allison,* 58 Md. 531; *McLaughlin v. Ogle,* 53 Md. 610; *Waters v. Engle,* 53 Md. 182; *Bridges v. Adams,* 32 Md. 577; 2 *Poe, Pl. & Pr.,* sec. 389.

And there is still less reason for allowing an appeal to the defendant in the absence of conditions in the order which deny him the means of further defending the suit, or at least showing that the order will result in some injustice to the defendant. *Taylor v. Gorman,* 146 Md. 207; *Benson v. Atwood,* 13 Md. 57; *Stockbridge v. Franklin Bank,* 86 Md. 200; 2 *Poe, Pl. & Pr.,* sec. 324.

In *Taylor v. Gorman, supra,* the Court, in discussing an appeal taken by the defendant from orders striking out after the term a judgment entered on a confessed judgment note, said: "As no appeal was taken by the plaintiff, we cannot review the action of the court below in striking out the judgment upon the terms provided, and the only question to be determined is whether the conditions imposed by the orders referred to were reasonable and proper."

It is not contended that there is anything unreasonable or improper in the order appealed from in this case, so far as the trial of the case on its merits is concerned, nor could such a contention be successfully made. The order opens up the judgment and permits the defendant to interpose and take full advantage of any defense he may have, and while it does retain the lien of the judgment, and of any executions or attachments issued and outstanding thereon, pending a final decision on the merits, we cannot say that such a condition is either unreasonable or improper. On the contrary, it commends itself to the Court, and is amply sustained by authority. *Tyrrell v. Hilton,* 92 Md. 176, 184, 185; *Taylor v. Gorman, supra; Freeman on Judgments,* sec. 499. The judgment in this case was secured because the appellant failed to file his pleas and affidavit of defense with-

in the time limited by the act.  By reason of this failure on the part of the appellant, the appellee obtained a judgment and apparently secured certain specific liens by means of executions issued on the judgment.  To subsequently strike out the judgment and release these liens, when the appellee had a right to rely upon their validity and to take no other steps to secure his claim against the appellant, would be placing a premium on the appellant's default, and might result in a grave injustice to the appellee.  See *Tyrrell v. Hilton, supra,* especially at page 185.  Nor is there anything in the record to show that the retention of these liens will in any way injure the appellant.  As the matter now stands, the appellant has the right to defend this suit and to urge in its defense any ground that was originally open to him. If he defends it successfully he will, so far as the record discloses, suffer no inconvenience or loss; while if he loses it, the liens retained would simply help the appellee to collect what the appellant owes him; and in the absence of testimony showing that the retention of the liens would result in some substantial injustice or special loss to him, we cannot hold that the order retaining them is either unreasonable or improper.

Counsel for the appellant has argued with force and ability that the lower court, for various alleged reasons, had no jurisdiction to enter the judgment, and that hence it had no authority to do anything save strike out the judgment absolutely, without retaining any liens.  We do not think the questions raised by this argument are properly before us, because, as we stated above, there is no appeal from an order striking out a judgment such as this one, except in so far as the propriety of the conditions imposed by such an order are concerned, and having determined that the order involved in this case is, on the record now before us, a proper one, there is nothing further for us to decide.  No appeal is allowed from the order striking out the judgment, because that does not finally determine the controversy, but leaves the parties free to try the case on its merits.  If, however, the order contains conditions which would prevent or unreasonably

interfere with the defense of the suit, then an appeal is allowed, not from the order striking out the judgment, but on the question of the propriety and reasonableness of the conditions on which the order was granted, and on such an appeal this court is limited to a consideration of this question. In the present case, we have found, and the appellant concedes, that the conditions imposed by the order appealed from are not unreasonable or improper, so far as the defense of the case on its merits is concerned, and hence the appeal, so far as the jurisdictional and other questions suggested by the appellant are concerned, will have to be dismissed.

For the reasons heretofore given, the appeal will be dismissed.

*Appeal dismissed, with costs to the appellee.*