ROBERT ALLEN *v.* GLENN L. MARTIN CO., ET AL.

[No. 100, October Term, 1946.]

292 

 

 

*Decided April 17, 1947.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Paul Berman,* with whom were *Sigmund Levin* and *Theodore B. Berman* on the brief, for the appellant.

*Daniel E. Klein* for the appellees.

COLLINS, J., delivered the opinion of the Court.

Robert Allen, claimant, appellant, an employee of the Glenn L. Martin Company, earning an average weekly pay of $70.20, was injured on August 30, 1944, by falling off a bench.

On June 6, 1945, he filed a claim for compensation with the State Industrial Accident Commission alleging that he sustained permanent partial disability to his back. A hearing was held before that Commission on September 20, 1945, when appellant appeared and presented a medical report from the doctor who had examined him at the instance of his attorney. The appellees also produced a doctor who had examined the appellant. Appellant's doctor's report showed that the disability of appellant's back was about 25%, and the other doctor testified that appellant had about 25% loss of use of his back. Claimant lost no time from work. After the hearing the State Industrial Accident Commission passed an order that Glenn L. Martin Company, employer, and Globe Indemnity Company, insurer, appellees here, pay unto the claimant for permanent partial disability to his back, compensation at the rate of $18 per week, payable weekly and for the period of 41⅔ weeks, not to exceed, however, the sum of $750 under "Other Cases". From that decision the appellant appealed to the Baltimore City Court.

The decision of this Court in the case of *Townsend v. Bethlehem-Fairfield Shipyard, Inc.*, 186 Md. 406, 47 A. 2d 365, having been filed, the appellees filed in the Baltimore City Court a motion to dismiss appellant's appeal, to which motion appellant answered. At the hearing on these motions, Dr. Thomas W. Koon, a member of the State Industrial Accident Commission, called by the appellant, testified as to the method used by him in arriving at the decision of the State Industrial Accident Commission in this case. The Baltimore City Court, on November 22, 1946, passed an order remanding the cause to the State Industrial Accident Commission for further proceedings, "to determine the loss of wage earning capacity of claimant, if any, and such other pertinent matters as may be properly heard by the Commission in connection therewith." From that order of November 30, 1946, the appellant appealed to this Court. Appellant contends (1) that there was error in the Trial Court remanding the case to the State Industrial

Accident Commission; (2) that the Trial Court erred in expunging from appellant's answer to appellee's motion to dismiss the appeal, Exhibits A, B and C, and the testimony of Commissioner Thomas W. Koon relating to the method used by the Commission in all cases in arriving at amounts awarded under "Other Cases" provision of the statute, Code Supp. 1943, Art. 101, Sec. 48, except the instant case; (3) that the "Other Cases" provision of the statute as interpreted by the decision of this Court in the case of *Townsend v. Bethlehem-Fairfield Shipyard, Inc., supra,* is unconstitutional.

(1) Appellant contends that there was error in the Trial Court remanding the case to the State Industrial Accident Commission. The appellees, on the other hand, contend that this order was proper and, as it was not a final order, that the appellant has no right of appeal to this Court from that order. *Hazlehurst v. Morris,* 28 Md. 67, 71; *Newbold v. Green,* 122 Md. 648, 651, 90 A. 513. Under the provisions of Code 1939, Article 101, Section 70 (now Section 57), on an appeal from a decision of the State Industrial Accident Commission, "* * * the Court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the Article, and whether it has misconstrued the law and facts applicable in the case decided. If the Court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified. * * *" Under the plain provisions of this statute either the decision of the Commission should have been affirmed or reversed or modified. *Clauss v. Board of Education,* 181 Md. 513, 525, 30 A. 2d 779. The statute nowhere provides for a case to be remanded by the Trial Court to the Commission and appellees so admit in their brief. *Monumental Printing Co. v. Edell,* 163 Md. 551, 562, 164 A. 171. The order passed was without authority. The effect of this remand was to deny to the appellant his right of appeal to this

Court. As pointed out by the appellant, whatever decision the Commission might make after taking the testimony required by this order, the appellant would be required to enter another appeal from that decision. The order therefore remanding the case to the Commission denied to the appellant the means of further prosecuting his appeal from the present decision of the Commission. As was said in the case of *Bragunier v. Penn,* 79 Md. 244, at page 246, 29 A. 12, "The order appealed from was unquestionably final, inasmuch as it denied the petitioner the means of further prosecuting his suit. It terminated the proceeding, and it is well settled that, when that is the case, an appeal will lie * * *." In the instant case this order passed by the Trial Court terminated the then present decision of the State Industrial Accident Commission and therefore was a final order from which an appeal lies. *Waverly Mutual & P. L. L. & Building Ass'n v. Buck,* 64 Md. 338, 342, 1 A. 561; *Adams v. Gillespie,* 151 Md. 52, 54, 133 A. 831; *Poe's Practice,* 5th Ed., Sec. 826, page 801. We therefore conclude that the remand should not have been made and that the appeal from that remand is properly before this Court for decision.

(2) The trial judge was clearly correct in expunging from appellant's answer and from the case Exhibits A, B and C and the testimony of Commissioner Thomas W. Koon relating to the method used by the Commission in arriving at amounts awarded under the "Other Cases" provision of the statute. These Exhibits A, B and C, were tables relating to the methods used by the Commission in deciding cases other than the instant case. On claimant's appeal no question is before us on the admissibility of the testimony of Commissioner Koon as to the method used by him in arriving at his decision in the instant case. In general, however, it may be stated that the determination whether a decision of an administrative agency is arbitrary is made from the decision itself and the record in the case, and not from the evidence of the members of the agency how it arrived at its conclusion.

(3) Appellant contends that the "Other Cases" provision of the statute as interpreted by the decision of this Court in the case of *Townsend v. Bethlehem-Fairfield Shipyard, Inc., supra,* is unconstitutional. Appellant argues here, as was argued in that case, that there should have been no limit less than $3,000 on the amount of permanent partial disability allowed. He argues, as was argued in the case of *Townsend v. Bethlehem-Fairfield Shipyard, Inc., supra,* hereinafter referred to in this opinion as the Townsend case, that the Commission has the duty to determine the average weekly wage and the wage earning capacity and to fix the weekly payments at 50% of the difference between the two. This question is not raised here, as it was not raised in the Townsend case, because the appellant was allowed the weekly maximum and no appeal was taken by the employer and insurer. He contends, however, as was contended in the Townsend case, that the Commission has no power to limit the number of weeks as long as the permanent partial disability continues, and that the only limitation unless there is a subsequent modification or death, is when the aggregate weekly payments reach the maximum fixed by the statute. He argues here that to limit it otherwise is unconstitutional, in that there is a deprivation to the appellant without due process contrary to the provisions of the Fourteenth Amendment of the Constitution of the United States and of the Twenty-third Article of the Declaration of Rights of Maryland, because the "Other Cases" paragraph, as construed, sets up no valid guide or standard whereby a lesser amount may be determined. If the statutory provision, as construed, were unconstitutional, appellant could not maintain any claim under it. However, the contention that the statute is unconstitutional is without merit. Whether statutory guides or standards to effectuate a public policy are adequate or not, depends largely upon the nature of the subject matter. Compare *Field v. Clark,* 143 U. S. 649, 12 S. Ct. 495, 36 L. Ed. 294 and *Currin v. Wallace,* 306 U. S. 1, 59 S. Ct. 379, 83 L. Ed. 441. If the policy is suffi-

ciently defined, it is immaterial that the process may involve the fixing of liquidated amounts without express definition. Compare *Chesapeake & Potomac Tel. Co. v. State Board of Forestry*, 125 Md. 666, 675, 94 A. 322.

The statute under "Other Cases," and as interpreted by this Court, sets a maximum limit as to the amount of compensation to be allowed and gives to the Commission the right to determine the amount to be paid within this limit. The statute, the Workmen's Compensation Act, was held constitutional by this Court in the case of *Solvuca v. Ryan & Reilly Co.*, 131 Md. 265, 101 A. 710. The general policy of the Compensation Act is set out therein, Chapter 800 of the Acts of 1914. The Act now in effect defines the public agency, the State Industrial Accident Commission, which is to apply it and the sub-paragraph in dispute sets a maximum limit.

The same section which provides for "Other Cases" also provides, for "disfigurements," that "compensation shall be allowed in the discretion of the Commission, for not less than ten weeks nor more than one hundred weeks, as the Commission may fix, in each case having due regard to the character of the mutilation and disfigurement as compared with mutilation and injury hereinbefore specifically provided for." In *Sweeting v. American Knife Co.*, 226 N. Y. 199, 123 N. E. 82, 83, affirmed as to constitutionality in *New York Cent. R. Co. v. Bianc*, 250 U. S. 596, 40 S. Ct. 44, 63 L. Ed. 1161, the disfigurement provision of the New York statute was attacked on the ground that it violated due process, in that it left the matter largely to the discretion of the Commission. Judge Cardozo said: "The commission has found that there has been serious facial disfigurement, and that an award of $2,500 is fair and equitable. * * * It is true that the commission has a wide discretion, and in fixing a fair and equitable compensation it may inquire into all the circumstances that will help to guide its judgment. * * * Given the fact of injury, the commission is to assess the damages. The presumption is that all relevant circumstances have been weighed in the assess-

ment. * * * Nor does the statute become invalid because the commission has some discretion in fixing the amount. The Legislature may provide for such a method of 'adjustment, determination and settlement' as it will. * * * Some injuries, as for instance the loss of a limb, may be so defined and classified that the appropriate compensation may, with a fair average of justice, be estimated in advance. But cases of disfigurement have their special problems. It is difficult, if not impossible, to define and classify the injuries. A flexible compensation makes for justice alike to employer and to workman." To the same effect, see *Schwartz v. Mt. Vernon-Woodberry Mills,* 206 S. C. 227, 33 S. E. 2d 517.

The accident in the instant case happened on August 30, 1944, before the amendment by the Acts of 1945, Chapter 336, and the amendments thereby made are not applicable to the instant case, as they were not applicable to the Townsend case, *supra.* The changes made by that amendment are in amounts only. Article 101, Section 48, Sub-section 3, Flack's 1943 Supplement Annotated Code, was in effect at the time of this accident. This provides for compensation in cases of disability, partial in character but permanent in quality. This statute both before and after the 1945 amendments provides that compensation in cases of permanent partial disability shall be 66⅔ per cent. of the average weekly wages. The maximum weekly compensation was $18 per week (increased to $20 by the Act of 1945), and the minimum $8 (increased to $10 by the Act of 1945), and the aggregate for permanent partial disability was $3,816 (increased to $4,240 by the Act of 1945). Loss of use of the back is not among the injuries specifically listed for which the statute fixes the number of weeks for which compensation shall be allowed. Loss of use of the back is covered by the paragraph in Subsection (3), *supra,* headed "Other Cases," which reads as follows: "In all other cases in this class of disability the compensation shall be fifty per centum of the difference between his average weekly wages and his wage-earning capacity

thereafter in the same employment, or otherwise, if less than before the accident (but not to exceed eighteen dollars per week), payable during the continuance of such partial disability, but not to exceed three thousand dollars, and, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest."

In this case, as in the Townsend case, *supra,* it was the duty of the Commission to find the wage earning capacity of the appellant after the accident and then award him 50% of the difference between his average weekly wages before the accident and the wage earning capacity thus found. If any of the parties felt aggrieved by the finding of the Commission as to the wage earning capacity of the claimant, an appeal could be had on that issue to the Courts. Under the decisions of this Court on appeal it is not within the province of the jury or of the Court sitting as a jury on appeal to find a verdict, or fix an amount, or to make an award for any amount, or to fix the rate or period of compensation, but merely to find the facts. *Bethlehem-Sparrows Point Shipyard, Inc. v. Damasiewicz,* 187 Md. 474, 50 A. 2d 799. This principle was clearly set out in the Townsend case, *supra,* where the earlier cases were thoroughly discussed and authorities cited. It is useless to recite those authorities again here.

In the case at bar, as the claimant was awarded the maximum weekly payment, there was no question of fact for the jury or for the court sitting as a jury on appeal. The case presented only a question of law as to whether the Commission abused its discretion or acted arbitrarily in fixing the period of time for which compensation was allowed and thereby in fixing the limit of $750. In the Townsend case, *supra* [186 Md. 406, 47 A. 2d 372], in speaking of an award for permanent partial disability under "Other Cases," this Court said: "It has been the law for 18 years, and was the administrative practice for a number of years before the first decision of this Court in 1928 that the total award could be less than the maxi-

mum." Therefore the only question before the Trial Judge was whether the Commission had acted arbitrarily in limiting the award to $750.

The Commission's discretion to determine the aggregate amount of compensation in "other cases" (within the statutory maximum) is not an arbitrary discretion, but must be exercised on the basis of substantial evidence. In effect, our construction of the "other cases" provision is that the aggregate amount of compensation shall be determined in the discretion of the Commission, in each case having due regard to the character of the permanent partial disability, and the impairment of wage-earning capacity therefrom, as compared with the scheduled cases of permanent partial disability specifically provided for. This construction is not reducible to a mathematical formula, but permits on appeal judicial review of abuse of discretion, within the limits set out in our recent opinion in *Bethlehem-Sparrows Point Shipyard v. Damasiewicz, supra.* For "other cases" the maximum aggregate is less than that fixed for scheduled permanent partial disabilities and still less than for permanent total disability. The Commission may properly consider these statutory differences in comparing the character of disabilities and the impairment of wage earning capacity in "other cases." As we have repeatedly held, the Commission may find impairment of earning capacity, *i.e.*, potential loss of earnings, although no actual loss of earnings may have occurred.

The Commission should, of course, have found the appellant's wage earning capacity, and an appeal would lie from such finding. But the appellant here had no such appeal because he received the maximum weekly award. The appellee took no appeal. If it is found that the award bears a reasonable relation to the injury suffered, and that there is substantial evidence to sustain it, the Trial Court should not attempt to substitute its judgment for that of the Commission. In this case we are not able to find from the record that the Commission abused its dis-

cretion to the harm of the appellant. Its decision should, therefore, have been affirmed by the lower court.

> *Order reversed and case remanded for the entry of a judgment affirming the decision of the State Industrial Accident Commission, with costs to the appellant.*