743 A.2d 809

**WEATHER TIGHT CONSTRUCTION COMPANY, et al.**

v.

**Francis D. BUCKLER.**

**No. 1811, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Jan. 7, 2000.

Mark S. Henckel (Franklin & Schapiro, Chartered, on the brief), Baltimore, for appellants.

Rudolf A. Carrico, Jr., La Plata, for appellee.

Argued before SALMON, ADKINS and PAUL E. ALPERT (Ret., Specially Assigned), JJ.

SALMON, Judge.

Francis Buckler, an employee of Weather Tight Construction Company, was injured on February 9, 1993, in the course of his employment. The injury was serious, and medical treatment included surgeries to his back. Because of his injuries, Mr. Buckler filed a claim with the Workers' Compensation Commission (the Commission). A hearing was conduct-

ed by the Commission on December 19, 1997. The Commission made an award on December 30, 1997, based upon a finding that Mr. Buckler had sustained a 75% permanent partial disability under "other cases" due to the accident of February 9, 1993. Both the employer/insurer and Mr. Buckler filed a petition for judicial review.

The two petitions were consolidated for trial, which was held in the Circuit Court for St. Mary's County on September 9, 1998 (Briscoe, J., presiding). At the conclusion of the case, the jury was given a verdict sheet that read as follows:

1. Did Francis D. Buckler sustain a permanent physical injury/impairment as a result of the accidental injury on February 9, 1993.

Yes _____ No _____

2. If yes to Number 1 above, is Francis D. Buckler Permanently Totally Disabled as a result of the February 9, 1993 accidental injury?

Yes _____ No _____

If your answer to Number 2 above is "Yes" you need not go any further.

3. If your answer is "No" to Number 2 above then what percentage of Permanent Partial Disability does Francis D. Buckler have as a result of the February 9, 1993 accidental injury?

The employer/insurer objected to the second question, but the objection was overruled. The jury answered "yes" to the first two questions. As instructed, they did not answer the third question.

Appellants noted a timely appeal and raise one issue, which, as phrased by appellants, is:

Whether the issue submitted to the jury for its deliberation and verdict properly set forth the issues presented on appeal and, thereby, did not prejudice the employer and insurer/[a]ppellants.

At the trial court, all parties agreed that Mr. Buckler had suffered a permanent disability as a result of the February 9, 1993, accident. The litigants disagreed, however, as to whether Mr. Buckler had suffered a permanent total disability. In the case of *Babcock & Wilcox, Inc. v. Steiner*, 258 Md. 468, 473–74, 265 A.2d 871 (1970), the Court of Appeals discussed the meaning of the term "permanent total disability" as follows:

"Professor Larson has an excellent discussion of the meaning of 'total disability' in 2 Workmen's Compensation Law, § 57.51:

"'Total disability" in compensation law is not to be interpreted literally as utter and abject helplessness. Evidence that claimant has been able to earn occasional wages or perform certain kinds of gainful work does not necessarily rule out a finding of total disability nor require that it be reduced to partial. The task is to phrase a rule delimiting the amount and character of work a man can be able to do without forfeiting his totally disabled status. The rule followed by most modern courts has been well summarized by Justice Matson of the Minnesota Supreme Court in the following language:

"'An employee who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled.' (*Lee v. Minneapolis St. Ry.*, 230 Minn. 315, 41 N.W.2d 433, 436 (1950)).

*See also [Richard F.] Kline, Inc. v. Grosh*, 245 Md. 236, 246, 226 A.2d 147 (1965[7]), and *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891, 893–894 (1967)."

*See also Bullis School v. Justus*, 37 Md.App. 423, 425–26, 377 A.2d 876 (1977). In the case at hand, Judge Briscoe instructed the jury in accordance with the just-quoted excerpt from *Babcock & Wilcox.*

Appellants, although they do not deny that there was sufficient evidence for the jury to find that Mr. Buckler suffered a

permanent total disability, contend that the jury should have been asked only to determine the percentage of disability. In other words, they maintain that Questions 1 and 3 were proper but Question 2 was not.

Maryland Workers' Compensation statute has four categories of disability: temporary total, permanent total, temporary partial, and permanent partial disability. *Gorman v. Atlantic Gulf and Pac. Co.*, 178 Md. 71, 75, 12 A.2d 525 (1940). Since the parties agree that Mr. Buckler was permanently disabled, only two categories of disability are of concern here: permanent partial disability, which is governed by sections 9–625 to 9–632 of the Labor and Employment Article of the Maryland Code (1991 Repl.Vol., 1998 Cum.Supp.) ("LE"), and permanent total disability, which is governed by LE §§ 9–635–9–640.

Section 9–636 reads as follows:

**§ 9–636. Determination of disability; presumption.**

(a) *Determination of disability.*—Except as provided in subsection (b) of this section, a permanent total disability shall be determined in accordance with the facts in each case.

(b) *Presumption.*—Absent conclusive proof to the contrary, the loss or loss of use of any of the following constitutes a permanent total disability:

(1) both arms;

(2) both eyes;

(3) both feet;

(4) both hands;

(5) both legs; or

(6) a combination of any 2 of the following:

(i) an arm;

(ii) an eye;

(iii) a foot;

(iv) a hand; and

(v) a leg.

Because, as spelled out in section 9–636(a), it is a factual question as to whether a worker has suffered a permanent total disability, we do not see how it can be argued plausibly that the trial judge erred in letting the jury resolve that factual issue. Prior Maryland cases have held that it is proper for a jury to decide that issue. *See, e.g., Richard F. Kline, Inc. v. Grosh*, 245 Md. 236, 245–46, 226 A.2d 147 (1967) ("It suffices to say, that in sum, [appellants] presented a proper question for consideration by the jury as to whether or not the appellee sustained a permanent total disability."); *Mureddu v. Gentile*, 233 Md. 216, 222, 196 A.2d 82 (1964); *Congoleum Nairn, Inc. v. Brown*, 158 Md. 285, 290–91, 148 A. 220 (1930) ("We have concluded that a jury might find in this case that the claimant was in fact [permanently totally disabled].").[1]

■ Appellants make the following argument:

The Issue that should have been presented to the jury for its consideration should have merely referred to percentages of disability and not use the language of "permanent total disability." In *Baughman Contracting Co. v. Mellott*, 216 Md. 278, 139 A.2d 852(1958), the Court of Appeals held that a finding of disability under "other cases" of the Maryland Workers' Compensation Act required the determination of the percentage of bodily disability. To merely permit the jury to find that the claimant is "permanently and totally disabled" addresses only the method of payment and not the percentage of disability as required by the Act.

Appellants' reliance upon *Baughman Contracting Co. v. Mellott, supra*, is misplaced. The Court in that case was construing a statute similar to what is presently codified as LE § 9–627(k), which dealt with "other cases."[2] The just-mentioned

---

1. Although certainly not dispositive, it is interesting to note that in *Bullis School v. Justus, supra*, a question was asked that in substance is identical to the one objected to by appellants in this case. In the *Bullis School* case, however, appellant did not object on appeal as to the wording of the question.

2. Section 9–627(k) reads as follows:

"other cases" section deals with permanent partial disability not, as here, permanent total disability. This is made clear when the *Baughman Contracting* case is read in its entirety. *See Baughman Contracting Co.,* 216 Md. at 285–86, 139 A.2d 852. Nothing in that case suggests that the issue of whether a defendant has been permanently totally disabled must be made by a finding stated in percentage terms.

During oral argument in this case, appellants' counsel asserted that, if the verdict sheet had excluded Question 2 and if the jury believed that the appellee suffered from a permanent total disability, it could signal that belief by finding that the appellee had suffered a "100% permanent partial disability." It is a contradiction in terms to say that somebody has a permanent partial disability that amounts to a permanent total disability. Thus, if the jury had been instructed to answer the verdict sheet only in percentage terms, there would have been a great likelihood of confusion.

In addition to the arguments already quoted above, appellants also argue:

> The Court of Special Appeals in *Blanding v. J.H. Andrews and Sons,* 36 Md.App. 14, 373 A.2d 19 (1977), describes the Issue presented to this Court very distinctly. The Court of Special Appeals in *Blanding* stated "the

---

*Other cases.*—(1) In all cases of *permanent partial disability* not listed in subsections (a) through (j) of this section, the Commission shall determine the percentage by which the industrial use of the covered employee's body was impaired as a result of the accidental personal injury or occupational disease.

(2) In making a determination under paragraph (1) of this subsection, the Commission shall consider factors including:

(i) the nature of the physical disability; and

(ii) the age, experience, occupation, and training of the disabled covered employee when the accidental personal injury or occupational disease occurred.

(3) The Commission shall award compensation to the covered employee in the proportion that the determined loss bears to 500 weeks.

(4) Compensation shall be paid to the covered employee at the rates listed for the period in §§ 9–627 through 9–630 of this Part IV of this subtitle.

(Emphasis added.)

compensation is not paid for an 'injuries' but for 'disability.'" *Id.* at page twenty (20) [373 A.2d 19]. The Issues presented to the jury for their consideration was not so much a request for a finding of disability, but for the finding of an injury and a method for the payment for that injury.

It is well settled that on appeal from a decision awarding compensation by the Workers' Compensation Commission, neither the jury nor the Court [sitting] as the trier of fact can find verdict [sic], fix the amount of compensation, award any amount, or fix the rate or period of compensation, but its province is merely to find fact. *Bethlehem–Sparrows Point Shipyard, Inc. v. Damasiewicz,* 187 Md. 474, 50 A.2d 799 (1947); *Allen v. Glenn L. Martin Co.,* 188 Md. 290, 52 A.2d 605 (1947).

Labor and Employment Article, § 9–635 states that "a covered employee who is permanently totally disabled due to an accidental personal injury or an occupation disease, shall be paid compensation in accordance with this Part V of this subtitle." The Court of Appeals defined permanent total disability as a condition in which the claimant is incapable of doing work of any kind, and not just the kind that the claimant was accustomed or qualified to do at the time of his accident. While it does not mean that the claimant must be utterly and objectively helpless, it does mean that he or she is able to perform services so limited in quality, dependability, or quantity and a reasonably stable market for them does not exist. *Baltimore v. Cassidy,* 338 Md. 88, 656 A.2d 757 (1995). Labor and Employment Article, § 9–637 provides the method of payment of compensation for a permanent total disability.

The operative word is disability. The Court of Appeals in *Blanding* opined that injury and disability may be separate, both practically and in the contemplation of the law. The code evidences in many places that the recognition of injury and disability are not necessarily or always synonymous and that while injury and accident may be an often argued synonymously [sic], disability following after the injury or

accident. *See, Bethlehem Steel Co. v. Ruff,* 203 Md. 387, 101 A.2d 218 (1953).

We agree with appellants that the issues of "disability" and "injuries" are distinct and that the jury should decide only the issue of "disability." We fail to see, however, how this principle of law in any way was violated by the wording of the questions presented to the jury in this case. The jury was asked to determine only disability.

Moreover, contrary to the implied assertion of appellants, the jury in the case *sub judice* did not fix the amount of compensation, make any award of compensation, or fix the rate of compensation. It simply made a factual determination that appellee suffered a permanent total disability.

## CONCLUSION

There is no statutory or common law authority to support appellants' contention that, when permanent total disability is alleged, the jury must render its verdict in terms of percentages of "permanent partial disability." In this case appellee presented evidence, which, if believed, proved that he suffered a permanent total disability as a result of the February 9, 1993, accident. On the other hand, the appellants produced evidence that would have been sufficient for the jury to find that appellee's injury, although permanent, did not totally disable him. In such circumstances, it was appropriate for the trial judge to ask the jury to resolve the factual question as to whether the claimant had suffered a permanent total disability as a result of the accident.

**JUDGMENT AFFIRMED;**

**COSTS TO BE PAID BY APPELLANTS.**